## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DEMARKO HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 498 DDN |
| | ) | |
| CITY OF ST. LOUIS, *et al.*, | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Demarko Hinkle for leave to commence this civil action without prepayment of the required filing fee. (Doc. 4). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $5.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court directs plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing

fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner must forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an account statement from his place of incarceration. (Doc. 4 at 4). The statement shows an average monthly deposit of $25.00. The Court therefore assesses an initial partial filing fee of $5.00, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that

court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Forrest City Low Correctional Institution in Forrest City, Arkansas. On February 10, 2020, he filed a civil complaint in the United States District Court for the Eastern District of Arkansas by placing it in his institution's mailbox. (Doc. 2 at 5). Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. 1).

3

The Eastern District of Arkansas initially denied plaintiff's motion to proceed in forma pauperis, because plaintiff did not provide an inmate account statement. (Doc. 3). On March 19, 2020, plaintiff filed a motion for leave to proceed in forma pauperis that included the account statement. (Doc. 4). Subsequently, the Eastern District of Arkansas determined that venue properly lies in this Court. (Doc. 5). As such, on April 8, 2020, the Eastern District of Arkansas transferred the matter to this Court pursuant to 28 U.S.C. 1406(a).

In a footnote to the transfer order, the Eastern District of Arkansas noted that it was not clear that plaintiff had properly pleaded subject matter jurisdiction. (Doc. 5 at 1). For purposes of transferring the case under the venue statute, however, the Eastern District of Arkansas assumed that jurisdiction existed.

## The Complaint

Plaintiff brings this civil complaint against defendants City of St. Louis, the St. Louis Police Department, and Charlton McGraw. He alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 2 at 1). To that end, he states that he is a "resident and domiciliary of the State of Arkansas," and that all defendants "are residents of the State of Missouri."

The allegations in the complaint concern an automobile accident that took place in St. Louis, Missouri, on February 15, 2015. (Doc. 2 at 2). Plaintiff states that he was traveling westbound on the Martin Luther King, Jr. Bridge, "obeying all traffic laws," including the speed limit. At the time, the bridge was under construction, reducing traffic to two lanes, one westbound and one eastbound.

4

While on the bridge, plaintiff's vehicle was struck by a vehicle being driven by Charlton McGraw. According to plaintiff, McGraw was being pursued by the St. Louis Police and was travelling at a high rate of speed. As he was being chased by police, McGraw allegedly crossed the center line, which was marked by orange traffic cones, and struck plaintiff's vehicle head-on. Plaintiff states that he suffered serious injuries as a result of the accident, including a crushed right forearm that resulted in a permanent loss of function. (Doc. 2 at 2-3). His hospital bills were in excess of $120,000. (Doc. 2 at 3).

Plaintiff asserts that the City of St. Louis and the St. Louis Police Department acted negligently and breached their duty of care to him by pursuing McGraw at excessive speed. Similarly, he alleges that McGraw breached a duty of care to him by driving at an excessive speed and losing control of his vehicle while being pursued by the St. Louis Police. (Doc. 2 at 4). Plaintiff seeks $1,000,000 in damages. (Doc. 2 at 5).

## Discussion

Plaintiff is a self-represented litigant who brings this negligence action against the City of St. Louis, the St. Louis Police Department, and Charlton McGraw. For the reasons discussed below, plaintiff has not adequately demonstrated this Court's subject matter jurisdiction. Therefore, he will be ordered to show cause why this action should not be dismissed.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the

5

Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff specifically asserts that this Court has jurisdiction based on diversity of the parties' citizenship pursuant to 28 U.S.C. § 1332.

6

**B.  Diversity of Citizenship Jurisdiction**

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties' citizenship, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an intention to remain there indefinitely. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Here, plaintiff has properly alleged an amount in controversy that is above the jurisdictional threshold of $75,000. He has not, however, sufficiently pleaded the diversity

of the parties' citizenship. That is, plaintiff has not shown that all the defendants are citizens of different states from him. Specifically, plaintiff states only that defendants are "residents of the State of Missouri." As noted above, it is state citizenship, not residency, that is relevant to diversity jurisdiction. For obvious reasons, it can be safely assumed that the City of St. Louis and the St. Louis Police Department are Missouri citizens. The same cannot be said of McGraw, the purported driver, as no information about him is provided at all. In short, while plaintiff has adequately shown the diversity of citizenship between himself and the City of St. Louis and the St. Louis Police Department, he has not shown diversity between himself and defendant McGraw. Thus, he has not established complete diversity of citizenship, making his complaint subject to dismissal without prejudice. *See OnePoint Solutions*, 486 F.3d at 346 (stating that diversity jurisdiction requires complete diversity of citizenship among the parties).

### C.  Order to Show Cause

Plaintiff has the burden of proving that the Court has subject matter jurisdiction. *See V S Ltd. P'ship*, 235 F.3d at 1112. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). In this case, plaintiff has not established that the Court has subject matter jurisdiction, meaning that the case is subject to dismissal without prejudice. However, as plaintiff is a self-represented litigant, he will be given an opportunity to show cause as to why his case should not be dismissed.

Plaintiff is given thirty days from the date of this Order to file a written document that indicates the citizenship – not residency – of the each of the defendants. In particular,

8

plaintiff must demonstrate that defendant Charlton McGraw is a citizen of a state other than Arkansas. In so doing, plaintiff must provide McGraw's address. If plaintiff does not file a response to this Order within thirty days, this case will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $5.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, **within 30 days of the date of this Order**, plaintiff must file a document that shows cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that, if plaintiff fails to comply with this order within **thirty (30) days of the date of this Order**, this action will be dismissed without prejudice and without further notice.

Dated this **3rd** day of **August, 2020.**

_____ **/s/  David D. Noce** _____
**UNITED STATES MAGISTRATE JUDGE**