**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DEMARKO HINKLE,                      )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )        No. 4:20-cv-00498-DDN
                                     )
ST. LOUIS, CITY OF, et al.,          )
                                     )
                 Defendants,         )

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 3, 2020, the Court ordered plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction. A response was due within thirty days. Plaintiff has not complied. Therefore, for the reasons discussed below, this action will be dismissed.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Forrest City Low Correctional Institution in Forrest City, Arkansas. On February 10, 2020, he filed a civil complaint in the United States District Court for the Eastern District of Arkansas by placing it in his institution's mailing system. (Docket No. 2 at 5). The Eastern District of Arkansas transferred the matter to this Court on April 8, 2020, pursuant to 28 U.S.C. § 1406(a). (Docket No. 5).

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. In the complaint, plaintiff alleged that he was injured in an automobile accident after being struck by a vehicle driven by Charlton McGraw. (Docket No. 2 at 2). According to plaintiff, McGraw was fleeing from police at the time of the accident, and traveling at a high rate of speed. Plaintiff stated that he suffered severe injuries as a result of the accident. His complaint named the City of St. Louis, the St. Louis

Police Department, and Charlton McGraw as defendants. Plaintiff alleged that the Court had jurisdiction under 28 U.S.C. § 1332, based on the diversity of the parties. (Docket No. 2 at 1).

Upon reviewing plaintiff's complaint, the Court determined that he had not adequately demonstrated the existence of subject matter jurisdiction. (Docket No. 8). Specifically, the Court noted that for purposes of diversity jurisdiction, plaintiff had only alleged the residency of the defendants, not their citizenship. While the citizenship of the City of St. Louis and the St. Louis Police Department was self-evident, the same could not be said of Charlton McGraw, since plaintiff provided no information about him whatsoever.

Because plaintiff had the burden of proving subject matter jurisdiction, the Court ordered him to show cause why his case should not be dismissed. Plaintiff was directed to submit a written response within thirty days, indicating the citizenship of each of the defendants. He was advised that failure to respond would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As noted above, on August 3, 2020, the Court ordered plaintiff to submit a written show cause response demonstrating why his case should not be dismissed for lack of subject matter jurisdiction. Plaintiff was given thirty days to comply. The show cause response was due by September 2, 2020. The Court advised plaintiff that failure to file a response would result in the dismissal of his case without prejudice and without further notice.

The deadline for plaintiff to file his show cause response has expired. In fact, the Court has given plaintiff more than thirty days in which to respond. Nonetheless, plaintiff has failed to submit a response as directed. He has also failed to file a motion with the Court seeking an extension of

time in which to comply. Indeed, since this case was transferred by the Eastern District of Arkansas, the Court has received no filings or communications from plaintiff of any sort.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of August 3, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 3, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of September, 2020.


\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

3